IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jackie Anderson, ) | |
| ) | C/A No. 2:18-1753-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| South Carolina Department of ) | |
| Corrections and Warden Scott Lewis, ) | |
| individually and/or in his official capacity ) | |
| as warden at Perry Correctional Institution, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Jackie Anderson is an inmate in custody of Defendant South Carolina Department

of Corrections ("SCDC"). He currently is housed at Kershaw Correctional Institution in Kershaw,

South Carolina. At the time of the underlying events, Plaintiff was housed at Perry Correctional

Institution ("PCI") in Pelzer, South Carolina, and McCormick Correctional Institution ("MCI") in

McCormick, South Carolina. Defendant Warden Scott Lewis ("Warden Lewis") is the warden of

PCI.

The within action previously was filed as a multi-plaintiff action in the Court of Common

Pleas for Greenville County, South Carolina. Defendants removed the action on March 15, 2018.

On April 25, 2018, the action was severed into seven individual cases.

On June 26, 2018, Plaintiff filed an amended complaint alleging, among other things, that,

on August 9, 2016, he was standing in the pill line at PCI to get his medication for his mental health

issues. Plaintiff states that another inmate approached him with a box cutter and slashed him from

the top of his head down the side of his head, nearly cutting off his ear. Plaintiff further alleges he

was slashed across his face and lip, causing permanent scarring. According to Plaintiff, the other

inmate was also a mental health patient who should not have been allowed access to or have possession of a box cutter. Plaintiff alleges that the correctional officer present did not attempt to intervene. Rather, a nurse who was handing out medication pulled Plaintiff into the medication room. Plaintiff was transported to a hospital, where he spent the night.

After Plaintiff was released from the hospital, he was transferred to MCI. Plaintiff alleges that at MCI he has been traumatized by witnessing two fatal stabbings of inmates. Plaintiff asserts that he is receiving inadequate care for his mental health issues because he is limited to seeing his mental health counselor to every 90 days.

Plaintiff alleges that Warden Lewis demonstrated deliberate indifference to his right to be free from threat to his life by, among other things, allowing uncontrolled violence at PCI; allowing inmates to possess dangerous weapons; and failing to adequately train and supervise SCDC employees by implementing careless and reckless policies, customs, and practices. Plaintiff alleges that gangs are allowed to run free and commit crimes without fear of punishment and without preventative actions to stop their behavior; that correctional officers who disregard SCDC policies and procedures are not disciplined; that the prison is severely understaffed; and that inmates are denied timely and appropriate medical and psychiatric treatment.

Plaintiff asserts causes of action under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments, as well as violations of the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, et seq.    Plaintiff seeks temporary and permanent injunctive relief under § 1983; actual and consequential damages, including damages for emotional distress; punitive damages except as to SCDC; and attorney's fees and costs. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary

Gordon Baker for pretrial handling.

Defendants filed two motions for summary judgment on November 11, 2019. In the first motion for summary judgment, Defendants asserted that Plaintiff had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997c(a). In their second motion for summary judgment, Defendants assert that (1) SCDC and Warden Lewis, in his official capacity, are entitled to Eleventh Amendment immunity with respect to Plaintiff's § 1983 claims; (2) Plaintiff has failed to show facts that Warden Lewis had actual subjective knowledge of a specific risk of harm and that Warden Lewis demonstrated a sufficiently culpable state of mind of deliberate or callous indifference to that specific risk of harm; (3) Warden Lewis is entitled to qualified immunity in his individual capacity as to Plaintiff's § 1983 claims; (4) Warden Lewis in his individual capacity lacks actual authority over training, staffing, and retention of employees at PCI; (5) Plaintiff confuses "best practices" with unconstitutional punishment; (6) Plaintiff's state tort claims should be dismissed as a matter of law because Plaintiff has failed to show either gross negligence or proximate cause; (7) Plaintiff's claim for injunctive relief is moot because he has been transferred from PCI; and (8) Plaintiff's injunctive relief claims further are moot with dismissal of Plaintiff's § 1983 claims against Warden Lewis. Plaintiff filed a response in opposition to the first motion for summary judgment on November 22, 2019, and a response in opposition to the second motion for summary judgment on November 25, 2019.

The Magistrate Judge issued a Report and Recommendation on April 13, 2020. The Magistrate Judge first observed that, by removing the action to federal court, Defendants waived Eleventh Amendment immunity with respect to any claims to which they otherwise would have been subject in state court. See Lapides v. Bd. of Regents, 535 U.S. 613, 619 (2002). However, removal

did not waive Defendants' Eleventh Amendment immunity to § 1983 claims.  See Passaro v.

Virginia, 893 F.3d 243, 248 (4th Cir. 2019).  Accordingly, the Magistrate Judge determined that the

Eleventh Amendment bars Plaintiff's § 1983 claim for injunctive relief against SCDC and Plaintiff's

§ 1983 claims for monetary damages against Warden Lewis in his official capacity.  However, the

Magistrate Judge determined that, pursuant to Ex Parte Young, 209 U.S. 123 (1908), Plaintiff's §

1983 claim for prospective relief against Warden Lewis in his official capacity is not barred by the

Eleventh Amendment.

The Magistrate Judge next analyzed Plaintiff § 1983 claims against Warden Lewis under the

Eighth Amendment. The Magistrate Judge thoroughly reviewed the record and found that the record

contains no direct or circumstantial evidence to support a finding that Warden Lewis had the

subjective actual knowledge to support a § 1983 failure to protect claim stemming from the August

9, 2016, incident.  See Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015)("[T]he prison official

must have a 'sufficiently culpable state of mind' to be held liable.  In prison-conditions cases that

state of mind is one of 'deliberate indifference' to inmate health or safety[.]")(internal citations

omitted).  The Magistrate Judge also found there is no evidence in the record to support a finding

that Warden Lewis was exposed to information of a pervasive, longstanding, and well-reported risk

of harm to the inmates at PCI. See id. ("A prison official's subjective actual knowledge can be

proven through circumstantial evidence showing, for example, that the substantial risk of inmate

attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the

past, and the circumstances suggest that the defendant-official being sued had been exposed to

information concerning the risk and thus must have known about it.")(internal citations omitted).

As to Plaintiff's supervisory liability and failure to train allegations, the Magistrate Judge

determined that Plaintiff failed to offer any evidence that Warden Lewis knew a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury, and that there was an affirmative causal link between his inaction and Plaintiff's injury. See Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) ("A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's indifference or tacit authorization of subordinates' misconduct can be deemed to have caused the injury to the plaintiff.")(quoting Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984)). The Magistrate Judge also found that the record contains no evidence that, to the extent Warden Lewis is responsible for training PCI correctional officers, he failed to properly train the officers and his failure actually caused the officers to violate Plaintiff's rights with respect to the August 9, 2016 incident. See Washington v. Baltimore Police Dep't, Civil Case No. SAG-19-2473, 2020 WL 2198083, *5 (D. Md. May 6, 2020)(noting that a plaintiff must point out a specific deficiency in training, deliberate indifference to the rights of persons with whom the untrained employees come into contact, and that the officer's conduct resulted from the failure to train).

The Magistrate Judge next addressed Plaintiff's claim for prospective relief as to Warden Lewis in his official capacity. The Magistrate Judge found that, because Plaintiff's § 1983 claims fail as a matter of law, there is no continuing violation of federal law that requires prospective relief. The Magistrate Judge further recommended that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims for injunctive relief and gross negligence against SCDC. See 28 U.S.C. § 1367. For all these reasons, the Magistrate Judge recommended that Defendants' second motion for summary judgment be granted in part as to Plaintiff's § 1983 claims, and that Plaintiff's remaining state law claims be remanded.

5

Finally, the Magistrate Judge found that, because she recommended summary judgment on the merits of Plaintiff's § 1983 claims, Defendants' motion for summary judgment for failure to exhaust should be found moot.  Plaintiff did not object to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record.  The court concurs in the detailed Report and Recommendation and incorporates it herein by reference.  Defendants' motion for summary judgment on the merits (ECF No. 45) is **granted in part** as to Plaintiff's § 1983 claims.  The court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and remands those claims to the Greenville County Court of Common Pleas.  Defendants' motion for summary judgment for failure to exhaust (ECF No. 44) is **denied as moot**.

 **IT IS SO ORDERED**.


        /s/ Margaret B. Seymour
        Senior United States District Judge

Charleston, South Carolina
May 14, 2020